NEM:BET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | 25-MJ-167 |
| YEHUDA RINGEL, | (18 U.S.C. § 2252(a)(4)(B)) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      KRISTEN MAHARAJ, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

      On or about May 8, 2025, within the Eastern District of New York and elsewhere, the defendant YEHUDA RINGEL did knowingly and intentionally possess with intent to view matter containing one or more visual depictions, to wit: videos and images in digital files contained within an electronic device provided to United States Customs and Border Protection pursuant to a border search by the defendant at John F. Kennedy International Airport, and which visual depictions had been mailed, and shipped and transported in, and using a means and facility of, interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

      (Title 18, United States Code, Section 2252(a)(4)(B))

2

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been since May 2024. I am currently assigned to the Human Exploitation and Trafficking Team at John F. Kennedy International Airport ("JFK") in Queens, New York. During my tenure with HSI, I have participated in the investigation of cases involving crimes against children. Specifically, I have experience investigating cases involving the sexual exploitation of minors and the production, receipt, distribution, and possession of child pornography, also referred to as child sexual abuse material ("CSAM").[2] I have conducted physical surveillance, executed search warrants, reviewed and analyzed electronic devices, and interviewed suspects and witnesses. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in child exploitation crimes to conceal their actions from detection by law enforcement.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] The term "child pornography" is defined as set forth in 18 U.S.C. § 2256(8), which, in pertinent part, states that "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. . . ." 18 U.S.C. § 2256(8); see also Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002) (analyzing constitutional validity of the definitions set forth in 18 U.S.C. § 2256(8)).

criminal history record; and from reports of other law enforcement officers involved in the investigation.

3. On or about May 8, 2025, the defendant YEHUDA RINGEL arrived at JFK on a flight from Tel Aviv, Israel. RINGEL, who is 31 years old, was with his wife and three children, all of whom are under the age of five. While he was going through customs, RINGEL was stopped by U.S. Customs and Border Protection ("CBP") agents pursuant to an alert in CBP's intelligence system (also known as a "lookout"). The lookout was generally based on CBP intelligence that indicated that RINGEL was likely to be in the possession of child sexual abuse material.

4. The CBP agents escorted the defendant YEHUDA RINGEL to a secondary border inspection area, where they searched his luggage and found several electronic devices. RINGEL told the CBP agents, in English, that some of the devices were his wife's and son's and that he did not have the passcode for them. RINGEL also stated in English that an Apple iPhone 16 Pro Max, which RINGEL had on his person, was his cellphone.

5. The CBP agents asked the defendant YEHUDA RINGEL, in English, for the passcode to his phone. RINGEL provided the agents with his passcode and changed the phone's language settings from Hebrew to English so that law enforcement could navigate the phone more easily. Subsequently, CBP reviewed the phone and uncovered numerous videos and images of child sexual abuse material as well as messages indicating that RINGEL was purchasing child sexual abuse material via the internet and storing those videos and images on his phone. Throughout this interaction, RINGEL was able to communicate with CBP officers in English and his answers were all responsive to their questions.

6. I subsequently arrived on the scene with another HSI agent, where I observed over approximately 2,000 videos and images containing child sexual abuse material on the defendant YEHUDA RINGEL's cell phone. These videos and images primarily depicted boys who were approximately 13 years old and younger, including infants and toddlers, engaging in sexually explicit conduct. They were stored primarily in an encrypted messaging application called Telegram (which allows users to send messages, images, and videos via the internet) and in an encrypted photo album on RINGEL's phone.

7. For example, one of the videos depicted a boy who appeared to be middle school aged forcing an infant to perform oral sex on him. The boy was wearing only a shirt, and the infant was clothed. Another video depicted a nude adult man and a nude prepubescent boy in the shower, where the man picked up the boy and grinded on him with his erect penis. These videos were sent to RINGEL via Telegram and stored in the Telegram application on his phone.

WHEREFORE, your deponent respectfully requests that the defendant YEHUDA RINGEL, be dealt with according to law.

_____
KRISTEN MAHARAJ
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
9th day of May, 2025

_____
THE HONORABLE MARCIA M. HENRY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK